13-3183-cv(L)
*Barsoumian v. Univ. at Buffalo, The State Univ. of N.Y. Sch. of Med. and Biomedical Scis.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
                *Circuit Judges.*

---

RAFFI BARSOUMIAN, M.D.,

    *Plaintiff-Appellant,*

          v.                         Nos.    13-3183-cv(L),
                                                     14-2707-cv(CON)

UNIVERSITY AT BUFFALO, THE STATE UNIVERSITY OF NEW YORK SCHOOL OF MEDICINE AND BIOMEDICAL SCIENCES, ET AL.,

    *Defendants-Appellees,*

---

**FOR PLAINTIFF-APPELLANT:**    CHRISTEN D. ARCHER, Pierrot, Chiacchia & Fleming, LLP, Hamburg, NY.

**FOR DEFENDANTS-APPELLEES:**    ZAINAB A. CHAUDHRY, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Earl K. Cantwell, Hurwitz & Fine P.C., Buffalo, NY.

Appeal from a judgment and an order of the United States District Court for Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 24, 2013 judgment and the June 30, 2014 order of the District Court are **AFFIRMED**.

Plaintiff-appellant Raffi Barsoumian appeals from the District Court's July 24, 2013 entry of summary judgment in his favor on his breach-of-contract and procedural due process claims, and in defendants' favor on his tortious interference and substantive due process claims, and granting the individual defendants qualified immunity. Barsoumian also appeals from the District Court's June 30, 2014 order granting defendants' partial motion to dismiss and denying his motion for a preliminary injunction in a related case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review a district court's award of equitable and injunctive relief for abuse of discretion. *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1214 (2d Cir. 1993).

Upon *de novo* review of the record and relevant law, we conclude that the District Court acted well within its discretion in reinstating Barsoumian as a PGY-3 resident on probation, substantially for the reasons in its thorough March 18, 2012 order. There is ample evidence in the record of Barsoumian's underperformance as a medical resident, and we cannot say that the District Court's decision to reinstate him on probation was outside the "range of permissible decisions." *E.E.O.C. v. KarenKim, Inc.*, 698 F.3d 92, 100 (2d Cir. 2012).

The District Court also properly granted summary judgment in favor of defendants on Barsoumian's substantive due process and tortious interference claims, substantially for the reasons in its March 18, 2012 order. Defendants' conduct was not "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it," *Anthony v. City of New York*, 339 F.3d 129, 143

2

(2d Cir. 2003), nor is there any evidence in the record that they acted intentionally, maliciously, or outside the scope of their authority, *see Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001). In addition, the District Court properly granted the individual defendants qualified immunity because "it was objectively reasonable for them to believe their acts did not violate" Barsoumian's rights. *Southerland v. City of New York*, 680 F.3d 127, 141 (2d Cir. 2012). Furthermore, the District Court properly denied Baroumian's claims for money damages because his economic loss calculations were too speculative for an award of lost profits. *See Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000).

Finally, in Barsoumian's related suit, the District Court properly granted defendants' partial motion to dismiss and denied Barsoumian's motion for a preliminary injunction, substantially for the reasons in its well-reasoned June 30, 2014 order.[1] Namely, Barsoumian failed to adequately plead that any alleged defects in the process of his reinstatement and subsequent termination affected the "fundamental fairness" of the proceedings so as to state a claim for relief under the Due Process Clause. *Winnick v. Manning*, 460 F.2d 545, 550 (2d Cir. 1972). Likewise, Barsoumian failed to show a likelihood of success on the merits or a sufficiently serious question going to the merits to warrant a preliminary injunction. *See Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014).

We have considered all of the arguments raised by Barsoumian on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 24, 2013 judgment and June 30, 2014 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We have pendent appellate jurisdiction to review the District Court's decision granting defendants' partial motion to dismiss because it was "inextricably bound up with" its denial of plaintiff's motion for a preliminary injunction. *S.E.C. v. Smith*, 710 F.3d 87, 94 (2d Cir. 2013) (internal quotation marks omitted); *see also* 28 U.S.C. § 1292(a)(1).

3